**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

**COURTNEY SANDERS,**

          **Plaintiff,**

vs.

                  **6:19-CV-00029**
**FOCUS REHAB NURSING,**      **(MAD/TWD)**

          **Defendant.**

---

**APPEARANCES:**        **OF COUNSEL:**

Courtney Sanders, Pro Se
4 Newell Street
Apt. 1
Utica, NY 13502

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

Plaintiff commenced this action *pro se* on January 8, 2019, asserting claims pursuant to 42 U.S.C. § 1983 against Focus Rehab Nursing ("Focus Rehab"). *See* Dkt. No. 1. On January 14, 2019, Magistrate Judge Dancks granted Plaintiff's motion to proceed *in forma pauperis* and reviewed the complaint. *See* Dkt. No. 5.

Plaintiff alleges that on March 31, 2017 her employer, Focus Rehab, notified her of an allegation of resident abuse against her and suspended her pending investigation. *See* Dkt. No. 1 at 2. During the investigation period Plaintiff claims that Focus Rehab pressured her to resign but she refused. *Id.* She further claims that she is due payment for lost wages during her suspension pursuant to the 1100 SEIU union contract, and that she was unwilling to agree to Focus Rehab's $3,000 settlement offer because she considered the amount to be unfair. *Id.* at 3. On June 7,

2017, Plaintiff was informed by Focus Rehab that her last day of work was March 31, 2017. *Id.* According to Plaintiff, upon consultation with her union representative, she filed a grievance and a complaint with the New York State Human Rights Division ("NYSHRD"), however no details of the NYSHRD complaint are provided, and Plaintiff did not assert any specific legal claims against Defendant or identify relief sought. *Id.* at 4-5.

In an Order and Report-Recommendation, Magistrate Judge Dancks recommended that the complaint should be dismissed without prejudice for failure to state a claim. *See* Dkt. No. 5. Specifically, Magistrate Judge Dancks found that Plaintiff's claim under 42 U.S.C. § 1983 must fail because the complaint is devoid of allegations suggesting that Focus Rehab is a state actor. *See id.* at 5-6. Moreover, Magistrate Judge Dancks found that, even if it was a state actor, the complaint contains no factual allegations suggesting that Focus Rehab violated Plaintiff's federal constitutional or statutory rights. *See id.* at 6. Finally, in light of her *pro se* status, Magistrate Judge Dancks construed Plaintiff's complaint as attempting to allege a claim of employment discrimination under federal law. *See id.* at 6-7. Even liberally construed, Magistrate Judge Dancks found that Plaintiff's complaint failed to plausibly assert a claim under Title VII, the Americans with Disabilities Act ("ADA"), or the Age Discrimination in Employment Act ("ADEA"). *See id.*

Plaintiff submitted an objection to the Order and Report-Recommendation, which was similar in substance to the original complaint, with added documentation from the New York State Health Department detailing the resolution of the abuse allegations, determining that there was insufficient evidence to support the claim of abuse against her, and expunging the record of such unsubstantiated allegations. *See* Dkt. No. 6 at 3. The objection further states relief sought as "pay from the time [she was] suspended to the time [the investigation] was closed plus monetary

pay for pain and suffering." *Id.* at 2.

## II. DISCUSSION

**A.     Standard of Review**

Section 1915(e)(2)(B) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "[I]n a pro se case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

When reviewing a complaint under section 1915(e), the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense.'" *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)) (other quotation and citation omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). A complaint filed by a *pro se* litigant should not be dismissed without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted); *see also McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1)(c).

4

B.  **Analysis of Report and Recommendation**

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff failed to allege a plausible claim under 42 U.S.C. § 1983.  The complaint fails to allege any facts suggesting that Focus Rehab is a state actor or that it violated any of Plaintiff's federal constitutional or statutory rights.

Similarly, to the extent that Plaintiff is attempting to assert a claim of employment discrimination, the complaint must be dismissed.  Plaintiff has alleged no facts regarding the nature or status of her complaint to the NYSHRD.  Further, Plaintiff has not alleged that her termination involved discrimination on the basis of "race, color, religion, sex, or national origin" as required to support a claim brought pursuant to Title VII.  Nor has she alleged facts suggesting age or disability discrimination as the reason for her termination, as required by the ADEA and ADA, respectively.

Based on the allegations presented, the Court is doubtful that Plaintiff will be able to assert a plausible claim under any of the statutes discussed.  However, in light of the special latitude afforded to *pro se* litigants, the Court will provide Plaintiff with an opportunity to amend her complaint.

### IV. CONCLUSION

For the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation (Dkt. No. 5) is **ADOPTED** in its entirety; and the Court further

**ORDERS** that the Plaintiff's complaint is **DISMISSED**  with leave to amend; and the Court further

**ORDERS** that Plaintiff may file an amended complaint withing **thirty (30) days** of the

date of this Decision and Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within thirty (30) days of the date of this Decision and Order, the Clerk of the Court shall enter judgment in Defendant's favor without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 4, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge