UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

COURTNEY SANDERS,

                                   Plaintiff,

                                             6:19-cv-00029
v.                                             (MAD/TWD)

FOCUS REHAB NURSING,

                                   Defendant.
_____

APPEARANCES:

COURTNEY SANDERS
Plaintiff, *pro se*
4 Newell Street, Apt. 1
Utica, NY 13502

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

<u>**ORDER AND REPORT-RECOMMENDATION**</u>

## I.    INTRODUCTION

      The Clerk has sent to the Court the amended complaint submitted by *pro se* Plaintiff

Courtney Sanders against her former employer, Defendant Focus Rehab Nursing ("Focus

Rehab") for initial review.  (Dkt. No. 10.)

      Previously, by Order and Report-Recommendation filed January 14, 2019, this Court

granted Plaintiff's application for leave to proceed *in forma pauperis* (Dkt. No. 2) and

recommended that Plaintiff's original complaint be *sua sponte* dismissed for failure to state a

claim on which relief may be granted pursuant to 28 U.S.C. § 1915(e) with leave to amend.

(Dkt. No. 5.)  Specifically, the Court found that Plaintiff's claim under 42 U.S.C. § 1983 failed

because the complaint was devoid of allegations suggesting that Focus Rehab was a state actor. *See id*. at 5-6.  Moreover, this Court found that, even if it was a state actor, the complaint contained no factual allegations suggesting that Focus Rehab violated Plaintiff's federal constitutional or statutory rights.  *See id*. at 6.  Finally, in light of her *pro se* status, this Court construed Plaintiff's complaint as attempting to allege a claim of employment discrimination under federal law.  *See id*. at 6-7.  Even liberally construed, this Court found Plaintiff's complaint failed to plausibly assert a claim under Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e-2(a), the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12112 to 12117, or the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623.  *Id*.

Plaintiff submitted an objection to the Report-Recommendation.  (Dkt. No. 6.)  By Decision and Order filed April 4, 2019, the Honorable Mae A. D'Agostino, United States District Judge, adopted this Court's Report-Recommendation and dismissed Plaintiff's complaint with leave to amend.  (Dkt. No. 7.)  Plaintiff timely filed an amended complaint.  (Dkt. No. 10.)

## II.     LEGAL STANDARD FOR INITIAL REVIEW

Inasmuch as Plaintiff is presently proceeding *in forma pauperis*, the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. § 1915(e).  Section 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325

(1989).  "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."  *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation."  *Id.* (internal quotation marks and citation omitted).  In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor."  *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

## III.   ANALYSIS

Plaintiff's amended complaint is similar in substance to the original complaint and the objections submitted to the previous Report-Recommendation.  (*See* Dkt. Nos. 1, 6, 10.)  In her amended complaint, Plaintiff alleges that on March 31, 2017, her former employer, Focus Rehab, notified her of an allegation of resident abuse against her and suspended her pending

investigation. (Dkt. No. 10 at 2.) During the investigation period Plaintiff claims that Focus Rehab pressured her to resign but she refused. *Id.* at 3. She further claims that she is due payment for lost wages during her suspension pursuant to the 1100 SEIU union contract, and that she was unwilling to agree to Focus Rehab's $3,000 settlement offer because she considered the amount to be unfair. *Id.* Plaintiff also claims, for the first time, that she "went threw [sic] defamation of character, being I was under investigation of elder abuse." *Id.* Although Plaintiff's amended complaint does not specify the relief sought in this action (*see id.* at 5), it seems Plaintiff disputes her termination and seeks backpay from lost wages. *Id.*; *see also* Dkt. No. 6.

Attached to the amended complaint are several documents, including a letter dated November 28, 2018, from the New York State Health Department detailing the resolution of the abuse allegations, determining that there was insufficient evidence to support the claim of abuse against her, and expunging the record of such unsubstantiated allegations. (Dkt. No. 10 at 6.[1]) Plaintiff has also submitted what appears to be an unsigned settlement agreement between Plaintiff's union and Focus Rehab, two letters from Focus Rehab confirming her employment and termination, a grievance submitted by Plaintiff to her union, and a response from her union regarding the grievance. *See id.* at 7-15.

Although these attachments appear to corroborate Plaintiff's factual allegations, the amended complaint does not cure the defects identified on initial review of her original complaint, to wit: (1) Plaintiff fails to allege any facts suggesting that Focus Rehab is a state actor or that it violated any of Plaintiff's constitutional or statutory rights and (2) Plaintiff has not

---

[1] The Court notes this letter was previously submitted to the District Court as part of Plaintiff's objection to the Report-Recommendation. (Dkt. No. 6 at 3.)

alleged that her termination involved discrimination on the basis of "race, color, religion, sex, or national original" as required to support a claim brought pursuant to Title VII, nor has she alleged facts suggesting age or disability discrimination as the reason for termination, as required by the ADEA and ADA, respectively. (*See* Dkt. No. 7 at 5.) At most, Plaintiff claims Focus Rehab "had no reason" to terminate her and gave her "no explanation." (Dkt. No. 10 at 3.) Based on the allegations presented, the amended complaint no more suffices to assert a plausible claim under any of the statutes discussed than the original complaint. (*See also* Dkt. No. 5.)

Based upon the foregoing, the Court finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted. Because Plaintiff has already been afforded the opportunity to amend her complaint, and the allegations in the amended complaint, construed liberally, give no indication that a valid claim might be stated if Plaintiff were given another opportunity to amend, *see Gomez*, 171 F.3d at 795, the Court recommends that the dismissal be without leave to amend.

Furthermore, the Court also recommends that the District Court decline to exercise supplemental jurisdiction over any state law claims Plaintiff attempts to raise in her amended complaint without prejudice and subject to refiling in state court. *See Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006) (district court has discretion to decline to exercise supplemental jurisdiction over state law claims because all claims over which the federal court has original jurisdiction have been dismissed); *see also Martinez v. Simonetti*, 202 F.3d 625, 636 (2d Cir. 2000) (directing dismissal of supplemental state law claims where no federal claims remained). In so recommending, this Court expresses no opinion on Plaintiff's state law claims, if any.

**ACCORDINGLY**, it is hereby

**RECOMMENDED** that Plaintiff's amended complaint (Dkt. No. 10) be **DISMISSED WITHOUT LEAVE TO AMEND**; and it is further

**RECOMMENDED** that the District Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant, if any, without prejudice and subject to refiling in state court, and it is hereby

**ORDERED** that the Clerk provide Plaintiff with a copy of this Order and Report-Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: July 8, 2019
          Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge

---

[2]  If you are proceeding *pro se* and are served with this Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. P. 6(a)(1)(C).