**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**COURTNEY SANDERS,**

                            **Plaintiff,**

    vs.                                                        **6:19-CV-00029
                                                                           (MAD/TWD)**

**FOCUS REHAB NURSING,**

                            **Defendant.**
_____

**APPEARANCES:**                                  **OF COUNSEL:**

**COURTNEY SANDERS**
4 Newell Street
Apartment 1
Utica, New York 13502
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

       Plaintiff, Courtney Sanders, commenced this action *pro se* on January 9, 2019, alleging that Defendant Focus Rehab Nursing violated her rights under 42 U.S.C. § 1983. *See* Dkt. No. 1. Plaintiff filed an application to proceed *in forma pauperis*. *See* Dkt. No. 2. On January 14, 2019, Magistrate Judge Thérèse Wiley Dancks granted Plaintiff's application to proceed *in forma pauperis*. *See* Dkt. No. 5. Magistrate Judge Dancks also issued an Order and Report-Recommendation on the same date recommending that (1) the Court dismiss without prejudice the claims against Defendant because the complaint was devoid of allegations suggesting that Defendant is a state actor, (2) that even if Defendant was a state actor, the complaint did not contain factual allegations suggesting Defendant violated Plaintiff's statutory or constitutional rights, and (3) that the complaint failed to plausibly assert a claim under Title VII of the Civil Rights Act, as amended, 42 U.S.C. § 2000e *et seq.*, the Americans with Disability Act of 1990, 42

U.S.C. §§ 12112 to 12117, or the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 623. *See* Dkt. No. 5 at 5–7. Plaintiff filed objections to the Order and Report-Recommendation on January 30, 2019. *See* Dkt. No. 6. On April 4, 2019, this Court adopted Magistrate Judge Dancks' January 14, 2019 Order and Report-Recommendation. *See* Dkt. No. 7. Plaintiff was allowed thirty days to amend her complaint to state a claim against Defendant. *See id.* at 5. On June 28, 2019, Plaintiff filed an amended complaint against Defendant. *See* Dkt. No. 10.

On July 8, 2019, Magistrate Judge Dancks issued an Order and Report-Recommendation recommending that Plaintiff's complaint be dismissed without leave to amend for failure to state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 11 at 6. Magistrate Judge Dancks also recommended that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims against Defendant and dismiss them without prejudice and subject to refiling in state court. *See id.* Plaintiff has not objected to Magistrate Judge Dancks' Order and Report-Recommendation, despite requesting an extension of time to do so. *See* Dkt. No. 12, 14.

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). While "the court has the duty to show liberality towards pro se litigants, . . . there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see, e.g.*, *Thomas v.*

*Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same

arguments [presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate [judge]." 28 U.S.C. § 636(b)(1).

Having carefully reviewed Magistrate Judge Dancks' Order and Report-Recommendation, Plaintiff's amended complaint, and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's complaint cannot survive initial review. Plaintiff failed to plausibly allege any claim upon which relief may be granted. *See* Dkt. No. 11 at 5. Plaintiff also failed to cure the defects identified by this Court in the April 4, 2019 Decision and Order, namely, that Plaintiff failed to allege (1) facts suggesting that Defendant is a state actor or violated any of Plaintiff's federal constitutional or statutory rights, (2) that her termination involved discrimination on the basis of race, color, religion, sex, or national origin, or (3) facts suggesting age or disability discrimination as the reason for her termination. *See* Dkt. No. 7 at 5.

Although a district court should generally "not dismiss a *pro se* complaint without granting the plaintiff leave to amend, dismissal is appropriate where leave to amend would be futile." *Tylicki v. Schwartz*, 401 Fed. Appx. 603, 604 (2d Cir. 2010) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, amendment would be futile as it does not appear that Plaintiff has any viable federal claims that could be brought if permitted to amend the complaint yet again. *See Cuoco*, 222 F.3d at 112 (finding leave to replead would be futile where the complaint, even when read liberally, did not "suggest [ ] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe").

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Order and Report-Recommendation is **ADOPTED in its entirety** for the reasons stated herein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED**;[1] and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 23, 2019
Albany, New York

Mae A. D'Agostino
U.S. District Judge

---

[1] Plaintiff's state law claims are dismissed without prejudice and subject to refiling in state court. *See Kolari v. New York Presbyterian Hosp.*, 445 F.3d 118, 120 (2d Cir. 2006).